EL PUEBLO, DEMANDANTE Y APELADO, v. RIVERA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por delito de injuria y calumnia (*slander*).

No. 1108.—Resuelto en diciembre 8, 1916.

CALUMNIA E INJURIA (SLANDER) — PRESUNCIÓN DE MALICIA — MANIFESTACIONES POR INFORMACIÓN—ACTOS JUDICIALES, LEGISLATIVOS U OFICIALES.—Se presumirá maliciosa y será calumnia procesable, toda manifestación calumniosa hecha públicamente, sin que quite al acto la presunción de malicia el hecho de que el acusado hubiera hecho las manifestaciones como resultado de los informes que se le dieran, pues tales informes no son de los comprendidos en la sección 5ª. de la ley de calumnia e injuria.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Trujillo Güil.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante Nicomedes Rivera interpuso este recurso de apelación contra la sentencia de la Corte de Distrito de Arecibo que le condenó a sufrir prisión por el delito de injuria y calumnia (*slander*) de acuerdo con una denuncia en la que se imputó al apelante, que en un *meeting* que celebró en la plaza "Tyson" de Arecibo en la noche del 8 de marzo de 1916, al referirse a los hechos acaecidos aquel día en el sitio denominado "Campo Alegre" voluntaria, falsa y maliciosamente se expresó en los términos que copiamos de la denuncia:

"Que Alberto Gandía, actuando como jefe de policía, incitó a ésta a que realizara lo que realizó, y que dicho Alberto Gandía, revólver en mano, fué el primero que apuntó y disparó con su revólver, rodando por el suelo una víctima, y que ante la enormidad del hecho por él consumado y ante aquel cuadro de horror, con lágrimas en los ojos, dijo a la viuda: 'Ud. no se apure, que yo le pasaré el jornal que ganaba su marido,' y añadió a continuación: '¡Asesinos! ¡Bandoleros!' frases estas dichas con la intención de causar descrédito y menosprecio en la persona de Alberto Gandía y de imputarle la comisión de un hecho constitutivo de delito, cual es el de privar de la vida a un ser humano, ilegalmente."

De la prueba resulta que ese día trataron algunos huelguistas, en "Campo Alegre," de hacer que no trabajaran unos carreteros que iban para la finca de Don Alberto Gandía, y cuando éste fué avisado por su mayordomo de tal pretensión acudió al sitio con dos policías y resultaron allí un muerto y varios heridos y que cuando el apelante regresó a Arecibo del sitio de tales sucesos a donde acudió al tener noticias de ellos, los relató al público en el *meeting* en la forma y manera que aparecen de la denuncia.

Pero el apelante sostiene como único motivo de su recurso que no existió malicia de su parte por cuanto se limitó a relatar los hechos tal y como los sabía por los informes que recogió en el lugar donde ocurrieron. Aun admitiendo esto último, lo que no resulta de la prueba ya que la preponderancia de la misma es que hizo esas manifestaciones como propias y sin referencia a informes que se le dieran, siempre tenemos que llegar a la conclusión de que existió malicia al hacerlas, porque, según la sección 3ª. de la Ley de 9 de marzo de 1911, para definir y castigar el delito de calumnia e injuria (*slander*) se presumirá maliciosa y será calumnia procesable toda expresión calumniosa hecha públicamente en presencia o ausencia de la persona agraviada, siendo la única excepción a esa regla la sección 5ª., según la cual no se tendrá por maliciosa ninguna relación o exposición oral imparcial y exacta de actos judiciales, legislativos o de cualquier otro carácter oficial, ni las manifestaciones hechas en las discusiones, argumentaciones y debates que en dichos actos tuvieren lugar. Aunque el apelante hubiera hecho las manifestaciones que se le imputan como resultados de los informes que se le dieron no quita este hecho a su acto la presunción de malicia que lleva consigo el haberlas hecho en público pues tales informes no son de los comprendidos en la citada sección quinta.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.