El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro F. Gotay, acusado y apelante.

No. 4581.—*Sometido:* Abril 19, 1932. *Resuelto:* Mayo 11, 1932.

*Angel Arroyo Rivera,* abogado del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Pedro F. Gotay apela de una sentencia que lo condena a sufrir treinta días de cárcel por delito de libelo infamatorio.

En la acusación se imputó al apelante que el día 10 de enero de 1931 y siendo director del periódico "J'Accuse" que semanalmente se publica en esta ciudad, permitió publicar y publicó en dicho periódico un artículo titulado "¡Fuera del casino!" que se transcribe en la acusación, que se presentó en el juicio y que hemos leído, pero que no copiaremos aquí pues nos bastará decir que se refiere al Dr. Isaac González Martínez, presidente del Casino de Puerto Rico de esta capital, candidato para elección al mismo cargo en aquella fecha, y que en dicha publicación se le imputa conducta escandalosa, inmoral y también delictiva.

Comenzaremos por el segundo de los tres errores que el apelante atribuye a la corte inferior para solicitar la revocación de la sentencia. En él se alega que no se probó que el artículo se refiere al Dr. Isaac González Martínez, presidente del Casino de Puerto Rico; pero las declaraciones que sobre ese extremo prestaron en el juicio tres testigos no dejan duda alguna de que por las circunstancias que ellos exponen quedó probado lo que niega el apelante.

■■ El primer motivo dice que fué error el no estimar que el artículo publicado por el acusado era una comunicación privilegiada que exigía su absolución.

El artículo 245 del Código Penal dice que se presumirá maliciosa toda publicación injuriosa si no se probare que hubo motivo justificado para hacerla; y el artículo 248 que a todo autor, editor o propietario de algún libro, periódico o publicación por entregas podrá exigírsele responsabilidad por la publicación de palabras contenidas en cualquier parte de dicho libro o número de dicho periódico o publicación por entregas; y con respecto a los periodistas declara lo siguiente el artículo 249: "Ningún noticiero, director o propie-

tario de periódico podrá ser procesado por la imparcial y exacta relación de actos judiciales, legislativos, o de cualquier otro carácter oficial, o de cualquiera manifestación, discurso, argumento o debate que en ellos tuviere lugar, a no probarse que hubo maliciosa intención al relatarlos, lo cual no deberá presumirse del mero hecho de la publicación."

El artículo publicado en el periódico "J'Accuse" no está comprendido en el artículo 249 que acabamos de copiar porque no se refiere a actos judiciales, legislativos o de cualquier otro carácter oficial o a manifestaciones, discursos o debates que en ellos tuvieran lugar, sino al presidente del Casino de Puerto Rico, que lo es de una sociedad privada. Tampoco ampara al apelante el artículo 251 del mismo código preceptivo de que una comunicación dirigida a persona interesada en tal comunicación, por otra persona que también lo estuviere, o cuyas relaciones con aquélla justificare la suposición de haber obrado sin malicia, no deberá presumirse maliciosa sino que se tendrá por comunicación privilegiada, porque la comunicación en este caso fué hecha para todo el público en general. No existió en este caso la comunicación privilegiada.

Se alega como último motivo del recurso que la corte inferior cometió error al no absolver al acusado por falta de prueba. Este error se funda: primero, en que habiéndose demostrado que el Dr. González Martínez era candidato a su reelección como presidente del Casino de Puerto Rico, su condición de candidato implica una renuncia al derecho de que su conducta no sea objeto de crítica pública: segundo, en que no se ha probado que la publicación se refiere al Dr. González Martínez: y tercero, en que el fiscal no probó que sea falsa la información que contiene el artículo en relación con el delito de adulterio que imputa.

Con respecto al primer fundamento nos bastará decir que el cargo de presidente del Casino de Puerto Rico no es público sino de una sociedad privada.

En cuanto al segundo, fué resuelto al principio de esta opinión en el sentido de que se probó que el artículo se refiere al Dr. Isaac González Martínez.

El tercer fundamento tampoco es sostenible porque la ley presume la malicia en toda publicación injuriosa y es al acusado a quien incumbe probar la falsedad de los hechos denunciados, la sana intención de la publicación y los fines justificables de ella. En el caso de *El Pueblo* v. *Rivera,* 24 D.P.R. 626, hemos dicho que se presume maliciosa y procesable toda manifestación calumniosa hecha pública; y en el de *El Pueblo* v. *Gotay,* 39 D.P.R. 754, que el acusado en tal caso no presentó prueba ni trató de demostrar que las manifestaciones que el periódico contenía eran ciertas ni que fueran publicadas con sana intención y para fines justificables, según expresa el estatuto. Por consiguiente, tampoco se cometió el tercer error alegado.

*La sentencia apelada debe ser confirmada.*